IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TROY CONLEY SCHERR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:17-cv-00338-CG-N |
| | ) |
| COOPER RESTAURANTS, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

COME NOW the Plaintiff, Troy Scherr ("Plaintiff"), and the Defendant Cooper Restaurants, Inc. ("Defendant"), and jointly move for the Court to approve the Parties' Settlement Agreement, which resolves this matter without compromise as to the amount Plaintiff claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), despite the fact that Defendant disputes and denies liability for the same. Counsel for Defendant has Plaintiff's counsel's expressed consent to file this Joint Motion with his electronic signature.

In support of this Motion, the Parties state as follows:

1.  Plaintiff initiated this action against Defendant, alleging that Defendant unlawfully failed to pay him appropriate minimum wages for substantial non-tipped work in violation of the FLSA.

{B2790090}

2. Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Defendant denies Plaintiff's allegations. As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

3. Accordingly, the Parties have reached a Settlement Agreement to resolve the Plaintiff's claims for back wages. The Agreement is attached hereto as Exhibit A. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA. *See Lynn Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and the monetary relief for an otherwise bona fide dispute exceeds any payment due under the applicable two year statute of limitations, including liquidated damages payment in full for an otherwise bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

4. In support of this joint request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that he is satisfied that he will be

{B2790090}

reasonably compensated under the terms of the Settlement Agreement for the alleged unpaid back wages to which he claims to be entitled during the two year period preceding the filing of his lawsuit. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement and (b) Plaintiff has consulted with his counsel of record before agreeing to the Agreement and has entered into it knowingly and voluntarily. Exhibit B, Declaration of Robert J. Camp at p. 1, ¶ 4.

5.  Plaintiff claims that he is entitled to compensation at a rate of $7.25 per hour for all the time he was engaged in non-tipped duties not barred by the applicable statute of limitation because such time was substantial and not occasional. Defendant strongly disputes this assertion and denies that Plaintiff worked more than 20% of his work time on duties which were not directly tip-generating. Defendant contends that the statute of limitations bars some or all of Plaintiff's claims. Defendant contends that any violation was made in good faith.

6.  The plaintiff's recovery under the Agreement represents 100% of the total actual unpaid wages he could have obtained at trial, including liquidated damages. *See* Ex. A, Settlement Agreement, p. 2 at ¶ 1. As such, under any standard of review or scrutiny, the Settlement Agreement entered into by the parties is a fair and reasonable resolution of the Plaintiff's claims for unpaid minimum wages.

7. The Settlement Agreement is the culmination of extensive negotiations between the Parties to resolve this matter. The settlement figures agreed to by the Parties bear a reasonable and fair relationship to the amount due to Plaintiff, and also take into consideration the inevitable risks of litigation and defenses raised by Defendant. The Parties entered into this settlement in recognition of those risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery, and for the Defendant, the risk of a verdict against it on the merits. Because of these risks, the Settlement Agreement, which provides for significant compensation to Plaintiff, as well as a payment of attorneys' fees and costs to his counsel for prosecuting this matter, at minimum represents a fair and reasonable compromise of this matter.

8. In addition, the attorneys' fees and costs called for under the Settlement Agreement are fair and reasonable. *See* Ex. A, Settlement Agreement, p. 2 at ¶ 1. Plaintiff's counsel expended extensive time studying Defendant's voluminous records, as well as time negotiating with Defendant and preparing damages calculations. Exhibit B, Declaration of Robert J. Camp at pp. 8-9, ¶ 15. Defendant agrees Plaintiff's hours and rates are reasonable and to pay these amounts in light of the costs, work performed, hours spent, likely hourly rates awardable, and in an effort to expedite payment to Plaintiff and to avoid costs and delay associated with continued litigation and fee petition.

9. The attorneys' fees and costs do not compromise or reduce the Plaintiff's recovery and they were determined at Plaintiff's counsel's request, separate and apart from the Plaintiff's settlement amounts, <u>and only after those amounts were accepted by the Plaintiff.</u> Exhibit B, Declaration of Robert J. Camp at p. 1, ¶ 3. As such, the Court should approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel, except in circumstances where the "settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Smitherman v. Chow Lao Liew, LLC*, 2016 WL 950359 at *2 (N.D. Ala. Mar. 14, 2016). *See also Crabtree v. Volkert*, 2013 WL 593500, at *7 (S.D. Ala. Feb. 14, 2013). Such deference is warranted because "'the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement' and '[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.'" *Gross v. Statewide Healthcare Servs.*, 2016 WL 8454094, at *2 (S.D. Ala. May 10, 2016) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

10. The Court should approve the parties Settlement Agreement even if it considers the fees and cost paid to Plaintiff's counsel because the hours expended and rates requested are fair and reasonable based on Plaintiff's counsel's

{B2790090}

background, experience, and previously awarded rates. Exhibit B, Declaration of Robert J. Camp at pp. 1-12, ¶¶ 5 - 21.

11.  Finally, upon approval of this motion and the entering of a stipulated judgment, the parties request this Court dismiss this action with prejudice.

WHEREFORE, the Parties respectfully request that the Court enter an Order granting this Joint Motion for Approval of Settlement Agreement.

Respectfully submitted this the 28th day of February, 2018.

/s/*Robert Camp*     (by consent)
Robert Camp
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB
The Kress Building
301 19th Street North
Birmingham, AL 35203-3204
rcamp@wigginschilds.com

/s/*Breanna H. Young*
Arnold W. Umbach III
Breanna H. Young
Starnes Davis Florie, LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35259-8512
tumbach@starneslaw.com
byoung@starneslaw.com

{B2790090}