# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is between **Troy Scherr** ("Scherr") and **Cooper Restaurants, Inc.** ("Cooper Restaurants"). The parties to this Agreement may be referred to individually as a "Party" or collectively as the "Parties."

WHEREAS, Scherr filed a Complaint against Cooper Restaurants, Inc. alleging violations of the Fair Labor Standards Act that is presently pending in the United States District Court for the Southern District of Alabama, Southern Division, Civil Action No. 1:17-cv-00338-CG-N (the "Lawsuit");

WHEREAS, Cooper Restaurants denies the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit;

WHEREAS, this confidential settlement is not an admission of liability, nor is it to be construed as an admission that Cooper Restaurants is or was liable to any individual in any amount;

WHEREAS, Cooper Restaurants and Scherr recognize that the outcome of the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, Scherr and his counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefit of settlement, that the settlement as provided in this Agreement is in the best interests of Scherr and that the settlement provided in this Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, Scherr and Cooper Restaurants mutually desire to resolve their disputes.

NOW THEREFORE, in consideration of the mutual promises and covenants herein, it is agreed as follows:

1.      SETTLEMENT CONSIDERATION – To resolve Scherr's claims, Cooper Restaurants agrees to pay the gross amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) to Scherr along with Twelve Thousand Five Hundred Dollars and No Cents ($12,500.00) to Scherr's attorney in attorney's fees and costs subject to approval by the Court.  The amount to be paid to Scherr represents all unpaid minimum wages owed to him under the Fair Labor Standards Act plus an amount for liquidated damages, based on the calculation discussed *infra*.

For the period May 17, 2016 to August 16, 2016, Scherr maintained records of the hours he alleges he was on the clock before his first customer of the shift arrived and after his last customer of the shift departed.  In the spirit of compromise, the parties used this information to calculate an average time he was on the clock but not assigned a customer as a percentage of his total hours on the clock.  Thirty-one percent (31%) was the resulting average.  However, because this number represents an average of each of the days he worked, there are times in which Scherr spent much less than 31% of his time on the clock with no customer (as little as 8%) and times in which Scherr spent greater than 31% of his time on the clock with no customer (as much as 72%).

To calculate Scherr's damages, the parties next used the two year period evidenced in Defendant's verified summary (Document 23-1) to determine Scherr was on the clock 1860.20 hours during that period.  Accordingly, the parties determined at best Scherr could recover compensation for 576.66 hours (1860.2 multiplied by 31%) in which he alleges he was engaged in non-tipped work with no customer assigned to him. Since Scherr was already paid $2.13 for each of these hours, at best his unpaid back wages totaled $2,952.50, or $5,905.00 including liquidated damages.  Accordingly, of the $7,500.00 payable to Scherr under this agreement, $5,905.00 is attributable to his FLSA claim and the remaining $1,595.00 is consideration for this general release, and his confidentiality.

Within ten (10) days of the Court's order approving this Settlement Agreement, Cooper Restaurants will deliver the settlement payments to Scherr's attorney. The parties agree that no part of any payments by Cooper Restaurants pursuant to this Settlement Agreement constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

2.     TAX LIABILITY – Other than the applicable employment taxes associated with the $2,952.50 payment of alleged back wages in Paragraph 1 above, Scherr is and shall be solely responsible for all federal, state and local taxes that may be owed by Scherr by virtue of the receipt of any portion of the monetary payments referenced above. Any tax obligations which may arise from the payment are Scherr's sole obligation. Scherr further agrees not to seek or make any claim against Cooper Restaurants for any loss, cost, damage or expense if a claim or adverse determination is made in connection with the tax treatment of the settlement payment. He understands and agrees that Cooper Restaurants has no duty to defend against any claim or assertion in connection with the tax treatment of the settlement payment, and agrees to assume full responsibility for defending himself against any such claim or assertion.

3.     BONA FIDE DISPUTE – The Parties agree that Cooper Restaurants is making the settlement payments to resolve all disputed wage and hour claims, any claim for compensation for work performed, and that this Agreement constitutes a good-faith settlement of all such disputes and/or claims that have arisen or may arise between Scherr and Cooper Restaurants.

4.     RELEASE – In exchange for the consideration indicated in Paragraph 1, Scherr hereby releases and forever discharges Cooper Restaurants and each of its divisions, affiliates, parents, subsidiaries, operating companies, and insurers, and the respective officers, directors, employees, agents and affiliates of each of them (collectively, the "Released Parties") from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorney fees against the Released Parties, whether known or unknown, which Scherr

ever had, now has or which Scherr or Scherr's heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Scherr, due to any matter whatsoever relating to Scherr's employment, compensation, benefits, and/or separation of Scherr's employment with Cooper Restaurants or any of its subsidiaries (collectively, the "Released Claims"). The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Consolidated Omnibus Budget Reconciliation Act, the Family and Medical Leave Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act, the Immigration Reform Control Act, the Pregnancy Discrimination Act, the Americans with Disabilities Act, and/or the Occupational Safety and Health Act; any claim that any of the Released Parties violated any other federal, state or local statue, law, regulation or ordinance; any claim of unlawful discrimination of any kind; any public policy, contract, tort, or common law claim; any claim that was or could have been asserted; and any claim for costs, fees, or other expenses including attorney's fees incurred in these matters. The intent of Scherr is to release Cooper Restaurants from any and all damages, known or unknown, in existence or that could arise later, including without limitation, claims for damages, costs, expenses, wages, backpay, relocation expenses, pain and suffering, mental anguish, past or future medical costs or expenses, and attorney's fees and costs, arising out of his employment with and/or separation from Cooper Restaurants.

5.   COVENANT NOT TO SUE – Scherr agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Released Claims against any of the Released Parties. Scherr further agrees that he will not permit himself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that he may not waive a claim released by this Agreement, he will not accept or be entitled to any money damages or other relief in connection with any

action or proceeding asserting any of the Released Claims against any of the Released Parties.

6.    WAIVER OF DAMAGES – Nothing herein is intended to or shall interfere with Scherr's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing federal or state discrimination laws and/or cooperating with said agency in its investigation, but any claims by Scherr for any monetary relief associated therewith have been released as set forth above.

7.    CONFIDENTIALITY – The Parties agree to keep the terms and conditions of this Agreement strictly confidential.  The Parties represent that they have not disclosed and agrees that they will not disclose, instigate the disclosure of, or cause to be disclosed, the existence of this Agreement or any of the terms, conditions, amounts, or any other details of this Agreement to anyone other than the Parties' respective attorneys and tax or financial advisors, or as may be required pursuant to legal process.  While the Parties will keep the terms of the Agreement confidential, nothing within this Agreement places such a burden on the Court.

8.    NONADMISSION OF WRONGDOING – Scherr and Cooper Restaurants agree this Agreement does not constitute an admission by Cooper Restaurants of any of the matters alleged by Scherr or of any violation by Cooper Restaurants of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever.  Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Cooper Restaurants or any of its parents, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees, or by Scherr.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement.  Such introduction shall be pursuant to an order protecting its confidentiality.

9.    EVENT OF COURT DISAPPROVAL OF AGREEMENT – In the event that the Court does not approve this Agreement, the Agreement shall be void and unenforceable.  The Parties agree that this Agreement is not meant to be, and will not be,

construed as an admission that Cooper Restaurants is liable in any respect. The Parties further agree that this Agreement may not be used for any purpose whatsoever in any future proceeding, including but not limited to all federal, state, or local proceedings, and Cooper Restaurants shall be entitled to assert any and all applicable defenses to any of Scherr's claims. The Parties acknowledge that, if the Court does not approve this Agreement, they are in the same position they were immediately prior to the consummation of this Agreement.

10.   COURT ORDER MODIFYING AGREEMENT – The Parties are asking the Court to approve this Agreement in its entirety. If not so approved, the Parties will work diligently and in good faith to re-draft this Agreement to comply with any issues raised by the Court.

11.   GOVERNING LAW – This Agreement shall be governed by the laws of the State of Alabama without regard to its conflict of laws provision. Cooper Restaurants and Scherr: (a) consent to the personal jurisdiction of the state and federal courts having jurisdiction over Mobile County, Alabama; (b) stipulate that Mobile County, Alabama, for a state court proceeding, and the United States District Court for the Southern District of Alabama for a federal court proceeding are proper and convenient venues for every legal proceeding arising out of this Agreement; and (c) waive any defense, whether asserted by motion or pleading, that Mobile County, Alabama, or the United States District Court for the Southern District of Alabama is an improper or inconvenient venue.

12.   COUNTERPARTS – This Agreement may be executed in counterparts and each counterpart will be deemed an original.

13.   SECTION HEADINGS – Section headings contained in this Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

14.   SEVERABILITY – Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

15.   <u>NON-ASSIGNMENT</u> – Scherr agrees that he has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity.  Scherr further represents and warrants that, as of the effective date of this Agreement, the Released Claims and/or claims set forth in this Agreement have not been sold, assigned or transferred, in whole or in part, to any other person or entity.

16.   <u>KNOWING AND VOLUNTARY WAIVER</u> – Scherr acknowledges that he has consulted with an attorney before signing this Agreement, and that he has been given a reasonable period of time in which to consider the terms of this Agreement before acting upon it.  Scherr represents that he has carefully read and fully understands all of the provisions of this Agreement and that he has discussed all aspects of the Agreement with his attorney.  When entering into this Agreement, Scherr has not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

17.   <u>ENTIRE AGREEMENT</u> – This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement.   Scherr acknowledges that he has not relied on any representations, promises or agreements of any kind made to him in connection with his decision to accept the terms of this Agreement, except for the representations, promises and agreements herein.  Any modification to this Agreement must be in writing and signed by Scherr and Cooper Restaurant's authorized representative.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement on the last date indicated below.

COOPER RESTAURANTS, INC.

By: _____

Name: _____

Title: _____

TROY SCHERR

_____

Troy Scherr

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement on the last date indicated below.

**COOPER RESTAURANTS, INC.**

By: _Stacie Knight_

Name: _Stacie Knight_

| Title: _As its CFO_

**TROY SCHERR**

_____

Troy Scherr